UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-208-MOC

| | |
|---|---|
| JANET LINDA, )<br>)<br>)<br>Claimant,[1] )<br>)<br>vs. )<br>)<br>)<br>MICHAEL MONSON, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e), following Janet Linda's filing of a Notice of Removal, (Doc. No. 1), and a Motion to Proceed in Forma Pauperis, (Doc. No. 2), in this Court on September 26, 2022. Also pending before the Court is Janet Linda's "Emergency Motion Order to Show Cause with Temporary Restraints, Motion Order to Vacate to Stay the Judgment by the Trial Court on 9/26." (Doc. No. 3).

In this action, tenant Janet Linda has attempted to remove to this Court a state court eviction action initiated by her landlord Michael Monson in Haywood County District Court. In the Notice of Removal, Defendant cites, in conclusory fashion, that removal is proper based on federal question jurisdiction under 28 U.S.C. § 1331. The attached pleadings demonstrate, however, that this action is merely an attempt to challenge summary eviction proceedings that are governed by North Carolina's landlord-tenant laws. This Court has no federal jurisdiction over a garden-variety landlord-tenant dispute under state law that does not implicate federal law.

---

[1] The Court refers to "Claimant" and "Respondent" here, but Janet Linda is the named Defendant in the underlying state court eviction proceedings filed by Michael Monson.

1

OG Group, LLC v. Marcisak, No. 17-cv-62397, 2018 WL 1902077, at *3 (S.D. Fla. Jan. 23, 2018) ("[T]here is no original jurisdiction that would permit this residential tenant eviction action to be removed to this Court since no federal question or diversity jurisdiction exists."); Diversified Properties LLC v. Castleberry, No. 8:17-CV-805-T-36TGW, 2017 WL 2859645, at *6 (M.D. Fla. July 5, 2017) ("This case is a straightforward action to evict Castleberry for the failure to pay rent; the eviction process is governed by state law, and no federal question exists on the face of the Complaint."); MTI Residential Servs. v. Alston, 07–CV–2002 (SJF)(ARL), 2007 WL 1695161, at *2 (E.D.N.Y. May 31, 2007) ("To the extent that the underlying matter relates to an eviction[,] time and again, district courts have disclaimed jurisdiction over landlord-tenant disputes and remanded them to state court.") (internal quotations omitted).

In sum, for the reasons stated herein, the Court will remand this action to state court.

**IT IS, THEREFORE, ORDERED that:**

1. This matter is remanded to Haywood County District Court.

2. The Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

3. The pending "Emergency Motion Order to Show Cause with Temporary Restraints, Motion Order to Vacate to Stay the Judgment by the Trial Court on 9/26," (Doc. No. 3), shall be **TERMINATED** as moot.

4. The Clerk is directed to close the case.

Signed: October 3, 2022

Max O. Cogburn Jr.
United States District Judge